UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                            )
                                  )   Chapter 7
CAROLINE A. DRAHN,                )
                                  )   Bankruptcy No. 08-01197
      Debtor.                     )
_____)
SHERYL L. SCHNITTJER,             )
                                  )   Adversary No. 08-09103
      Plaintiff,                  )
                                  )
vs.                               )
                                  )
BURKE CONSTRUCTION CO.,           )
                                  )
      Defendant.                  )
```

**ORDER RE: MOTION FOR SUMMARY JUDGMENT AND
CROSS-MOTION FOR SUMMARY JUDGMENT**

This matter came before the undersigned on January 9, 2009 for telephonic hearing. Plaintiff/Trustee was represented by Attorney Abbe Stensland. Defendant Burke Construction Co. was represented by Attorney Thomas Fiegen. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) or (E).

**STATEMENT OF THE CASE**

Debtor purchased a 1995 mobile home from Defendant Burke Construction Co. in October 2006. She filed her bankruptcy petition on June 5, 2008. Debtor sold the mobile home nine days after the petition date without Court approval. She turned over almost $11,000 of the sale proceeds to Burke Construction to satisfy its lien. Trustee filed this adversary proceeding to avoid the postpetition transfer of the mobile home and recover proceeds from the sale from Burke and Debtor.

Trustee has settled with Debtor regarding the sale proceeds she received and her exemption claim. The remaining issue is whether Trustee may recover sale proceeds from Burke Construction. Trustee moves for summary judgment. She asserts the postpetition sale was void ab initio. She requests judgment against Burke for the proceeds of the sale it received from Debtor.

Burke Construction objects and filed a Cross-Motion for summary judgment. It argues it retained legal title to the mobile home and is entitled to be paid in full. Also, the purchase contract is an executory contract which is deemed rejected, entitling Burke to either the mobile home or payment of the balance of the contract. Burke also requests attorney fees and costs.

Trustee responds that Debtor did not identify the Bill of Sale with Burke as an executory contract in her schedules and Trustee had no knowledge of it in time to assume or reject or under § 365. Also, the sale occurred prior to the 60-day deadline to assume or reject a contract. Trustee denies that the Bill of Sale is an executory contract. She argues it is more akin to a mortgage. It is Trustee's position that Burke had nothing more than an unperfected lien, despite the fact that its name was on the certificate of title to the mobile home.

### CONCLUSIONS OF LAW

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment in adversary proceedings. Fed. R. Bankr. P. 7056, adopting Fed. R. Civ. P. 56. This rule provides that summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

A genuine issue of material fact exists when (1) there is probative evidence supporting the non-moving party and (2) the evidence goes to a fact impacting the outcome of the dispute under the controlling substantive law in the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248-49 (1986). Summary judgment should be granted if the moving party can demonstrate that there is no need for trial on an issue because there is not sufficient evidence supporting the nonmoving party. Id. at 249. When a motion for summary judgment is made, the Court must view the available evidence in the light most favorable to the nonmoving party. In re Marlar, 267 F.3d 749, 755 (8th Cir. 2001).

On the record presented, the Court is unable to grant summary judgment to either party. Burke Construction asserts it has either a lien or an executory contract which makes it entitled to the proceeds of the sale of the mobile home. Trustee asserts Burke has an unperfected security interest. A more fully developed record would allow the Court to determine the extent of Burke's interest in the mobile home and the effect of that

interest on Trustee's ability to recover the proceeds of Debtor's postpetition sale.

The parties assert that the only fact in issue is what Debtor said to Burke when she sold the trailer. The Court is also interested in the circumstances surrounding the transaction between Debtor and Burke which Trustee identifies as a sale with retention of an unperfected security interest and Burke identifies as a rent-to-own arrangement. Although the parties do not dispute what appears on Trustee's exhibits in support of summary judgment, the Court is of the opinion that a more complete and accurate analysis can be achieved after further development of the record or presentation of evidence at trial.

**WHEREFORE**, Plaintiff/Trustee's Motion for Summary Judgment and Defendant Burke Construction Co.'s Cross-Motion for Summary Judgment are DENIED.

DATED AND ENTERED:

January 21, 2009

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE