UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )   Chapter 7
CAROLINE A. DRAHN,                  )
                                    )   Bankruptcy No. 08-01197
        Debtor.                     )
                                    )
_____   )
SHERYL L. SCHNITTJER, Trustee       )   Adversary No. 08-09103
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )
                                    )
BURKE CONSTRUCTION CO.,             )
                                    )
        Defendant.                  )

**ORDER RE: COMPLIANT**

        Trial of this matter was held on April 7, 2009 on the
Complaint to Avoid Post-Petition Transfer, For Turn Over, and For
Other Relief.  Plaintiff/Trustee Sheryl L. Schnittjer was
represented by Abbe M. Stensland.  Defendant Burke Construction
Co. was represented by Thomas L. Fiegen.  After the presentation
of evidence and argument, the Court took the matter under
advisement.  This is a core proceeding pursuant to 28 U.S.C.
§ 157(b)(2)(E).

**STATEMENT OF THE CASE**

        Trustee alleges that Debtor's post-petition transfer of a
mobile home is void pursuant to 11 U.S.C. § 549 and she is
entitled to recover the proceeds of the sale from Defendant Burke
Construction Co. pursuant to § 550(a).  Burke Construction
alleges that it is not required to turn over the proceeds because
it is the legal owner of the property entitled to payment in full
and the purchase agreement was an executory contract which
Trustee failed to assume pursuant to § 365(d)(1).

**FINDINGS OF FACT**

        Debtor Caroline A. Drahn purchased a mobile home from Burke
Construction on October 18, 2006.  The agreement executing the
transfer of the mobile home was entitled "Bill of Sale and
Security Agreement" (hereinafter the "Purchase Agreement") and
listed Burke Construction as "Seller" and Debtor as "Buyer" (Pl.

Ex. 1).  Pursuant to the Purchase Agreement, Burke Construction
retained a security interest in the property.  <u>Id.</u>  On
November 13, 2006, an application for title to the mobile home
was filed in Clayton County, Iowa (Pl. Ex. 5 at 2).  The title
listed Burke Construction as "Owner."  <u>Id.</u>

Debtor filed her Chapter 7 bankruptcy petition on June 5,
2008.  Schedule C lists the mobile home as exempt property with
zero value.  Debtor sold the mobile home to Linda Jones on
June 16, 2008 for $18,000 (Pl. Ex. 7).  In so doing, Debtor did
not seek nor was she given Court authorization to sell the
property.  Ms. Jones paid Debtor directly.  From the proceeds of
the sale, Debtor gave Burke Construction $10,761.21 and retained
$7,238.79.  Burke Construction's owner testified that $9,912.10
satisfied Debtor's remaining obligation to Burke Construction and
the remaining $850 was a "sales commission".  Trustee received
notice of the sale from Burke Construction via fax on July 1,
2008.  Trustee has not assumed the Purchase Agreement under
§ 365(d)(1).

## CONCLUSIONS OF LAW

Four elements must be satisfied to avoid a post-petition
transfer under § 549(a): (1) property of the estate; (2) was
transferred; (3) post-petition; and (4) the transfer was not
authorized by the Bankruptcy Code or the court.  11 U.S.C.
§ 549(a); <u>In re Russell</u>, 927 F.2d 413, 417-18 (8th Cir. 1991).
The party seeking to validate the transfer has the burden of
proof.  Fed. R. Bankr. P. 6001.

Generally, property of the bankruptcy estate includes "all
legal and equitable interests of the debtor in property as of the
commencement of the case."  11 U.S.C. § 541(a); Fed. R. Bankr. P.
4003(b).  In the absence of contrary federal law, interests in
property are defined by state law.  <u>Barnhill v. Johnson</u>, 503 U.S.
393, 399 (1992).

According to Iowa law, a seller who is listed as an owner of
collateral merely retains a security interest in the property.
Iowa Code § 554.9202; <u>Davis County Savings Bank v. Production
Credit Assoc.</u>, 419 N.W.2d 384 (Iowa 1988).  In <u>Davis County
Savings Bank</u>, two farmers sold equipment to their children under
a "lease/purchase" agreement but retained title in their names.
<u>Id.</u> at 386.  The court held that the farmers retained a security
interest in the equipment, not ownership.  <u>Id.</u>

Under Iowa law, a security interest in a mobile home is
perfected by delivering an application for certificate of title

2

with the security interest listed to the county treasurer where
the certificate of title was issued.  Iowa Code § 321.50.  Most
courts hold that listing the lienholder as an "owner" instead of
a lienholder is an effective means of perfecting a security
interest.  See In re Rose Way, Inc., 113 B.R. 527, 530 (Bankr.
S.D. Iowa 1990) (holding that security interest in vehicle is
perfected under Iowa law if secured creditor is listed as "owner"
on the title); In re Circus Time, Inc., 641 F.2d 39, 42 (1st Cir.
1981) (same, applying Maine and New Hampshire law); In re Load-
It, Inc., 774 F.2d 1077, 1079 (11th Cir. 1985) (same, applying
Georgia law); In re Nat'l Welding of Mich., Inc., 61 B.R. 314,
317 (W.D. Mich. 1986) (same, applying Michigan law).  These cases
hold that the lienholder "substantially complied" with the
perfection requirements because a third party would be put on
notice of the security interest.  Rose Way, 113 B.R. at 530;
Circus Time, 641 F.2d at 42.  Only one court, in In re Otasco,
111 B.R. 976, 994 (Bankr. N.D. Okla. 1990), rev'd on other
grounds, 196 B.R. 554 (N.D. Okla. 1991), has held that being
listed as "owner" on the title does not perfect a security
interest.  This Court concludes that a secured creditor who is
listed as "owner" on a certificate of title has satisfied Iowa
law in perfecting its security interest.

     If a trustee successfully avoids a transfer under § 549(a),
the trustee may recover the property or the value of the property
subject to any senior security interests.  11 U.S.C. § 550(a); In
re Sickels, 392 B.R. 423, 427 (Bankr. N.D. Iowa 2008) (finding
that trustee is entitled to avoid lien but the property remains
subject to senior mortgage).  Any transfer avoided is preserved
for the benefit of the estate but only with respect to property
of the estate.  11 U.S.C. § 551.  The purpose of § 550 is to
return the debtor's estate to the financial condition it would
have been in had the transfer not occurred.  Sickels, 392 B.R. at
426.  If the trustee successfully avoids a transfer, the
transferee may assert a claim against the estate as an unsecured
creditor.  11 U.S.C. § 502(h).

     A trustee may assume or reject any executory contract.  11
U.S.C. § 365(a).  In a Chapter 7 case, the trustee must assume a
contract within sixty days or it is deemed rejected.  11 U.S.C.
§ 365(d)(1).  This time limit provides the trustee with
sufficient time to identify the relevant contracts and determine
how best to protect the interests of the estate while ensuring
that other parties receive prompt resolution of their rights and
remedies.  In re Telemark Management Co., 51 B.R. 623, 625
(Bankr. W.D. Wis. 1984).  The Bankruptcy Code does not define
"executory contract" but the Eighth Circuit has commonly utilized
the definition proposed by Professor Vern Countryman:

> A contract under which the obligation of both the
> bankrupt and the other party are so far unperformed
> that the failure of either to complete performance
> would constitute a material breach excusing performance
> of the other.

Vern Countryman, Executory Contracts in Bankruptcy: Part I, 57
Minn. L. Rev. 435, 460 (1973); In re Speck, 798 F.2d 279, 280
(8th Cir. 1986); Jenson v. Continental Financial Corp., 591 F.2d
477, 481 (8th Cir. 1979); In re Knutson, 563 F.2d 916, 917 (8th
Cir. 1977).  Courts apply state law to determine "whether and to
what extent the obligations of the parties to the contract remain
unperformed."  In re Bockes Brothers Farms, Inc., No. 93-60881,
slip op. at 2 (Bankr. N.D. Iowa, Sept. 7, 1993); Speck, 798 F.2d
at 280.  The Eighth Circuit clearly indicated that installment
contracts for the sale of real estate are considered executory
under Iowa law in Brown v. First Nat'l Bank, 844 F.2d 580 (8th
Cir. 1988).  See also Bockes Brothers, No. 93-60881, slip op. at
1 (noting that "it is well settled that . . . a real estate
contract in Iowa is an executory contract").

Whether contracts for the sale of personal property are
considered executory is unresolved in this District.  A majority
of courts hold that an agreement is not executory if the seller
has turned over possession of the property and the only remaining
duty for the seller is to convey title once the buyer completes
payments.  In re Johnson, 501 F.3d 1163, 1174 (10th Cir. 2007)
(installment contract for the sale of a vehicle is not executory
when seller gave possession of the vehicle to buyer and the only
remaining obligations were payment and transfer of title); In re
Steffen, 181 B.R. 981, 985 (Bankr. W.D. Wash. 1995) (same);  In
re Shada Truck Leasing, Inc., 31 B.R. 97, 100 (Bankr. D. Neb.
1983) (same); In re Lewis, 185 B.R. 66, 68 (Bankr. N.D. Cal.
1995) (same); In re Air Vermont, Inc., 47 B.R. 540, 543 (Bankr.
D. Vt. 1985) (same, regarding aircraft).  A few courts have taken
the opposite position.  E.g., In re Bencker, 122 B.R. 506, 512
(Bankr. W.D. Mich. 1990) (mobile home sales contract is an
executory contract where title had not been transferred to the
debtor); In re Horton, 15 B.R. 403, 405 (Bankr. E.D. Va. 1981)
(broadly defining executory contracts as any contract that is not
completed).  This Court concludes that the majority view is the
most convincing position.  Contracts for the sale of personal
property are not executory when the only remaining duty is the
transfer of title after the debtor has completed payments.

As Iowa treats land contracts and personal property
contracts differently, it is important to decide whether Iowa law
categorizes mobile homes as personal property or real property.

This Court concludes that, in the present context, Debtor's
mobile home is considered personal property under Iowa law.  The
Iowa Supreme Court applied personal property law to mobile homes
in Ford v. Venard, 340 N.W.2d 270 (Iowa 1983) (holding that a
mobile home is a fixture only if it is affixed to the land, used
as realty and the party affixing the mobile home intended to
create a permanent fixture).  Further, the Iowa Code treats
mobile homes in much the same way as vehicles.  See, e.g., Iowa
Code § 321.50 (perfection of security interests in mobile homes);
Iowa Code § 321.24 (registration of mobile homes).  Iowa's tax
law requires mobile home owners to fulfill certain requirements
in order to convert their mobile homes into real property.  Iowa
Code § 435.26 (conversion of mobile homes to real property).
Courts have found that mobile homes are personal property in
states with laws similar to those in Iowa.  In re Coleman, 392
B.R. 767, 772 (B.A.P. 8th Cir. 2008) (finding that mobile homes
are personal property, citing Mo. Rev. Code § 700.111); In re
Bencker, 122 B.R. 506, 510 (Bankr. W.D. Mich. 1990) (finding that
mobile homes in Michigan are considered personal property because
Michigan law requires registration of mobile home under motor
vehicle statute, citing M.C.L.A. § 125.2330(1)).

## ANALYSIS

Trustee contends that Burke Construction should turn over
proceeds from the sale of the mobile home, asserting the sale
violated § 549.  Neither party contests that the mobile home was
transferred, that the property was transferred post-petition or
that the transfer was unauthorized.  The only issue in dispute is
whether the mobile home was property of the estate.  Burke
Construction contends that, because it was listed as the owner on
the title, the mobile home was never property of the estate.

While the written documentation evidencing this transaction
presents a jumble of conflicting legal principles, the Court
concludes that ultimately Burke Construction intended to retain a
security interest, not actual ownership of the mobile home.  The
Purchase Agreement is entitled "Bill of Sale and Security
Agreement."  It also states that Debtor is the "Buyer" and Burke
Construction is the "Seller."  The Purchase Agreement states that
"Buyer grants Seller a security interest in and to the property"
and that in the case of default "Seller shall have all rights of
a Secured Party."  Burke Construction stated in correspondence
with Trustee that "[Debtor] has sold the mobile home I had a
security interest in."  Under Iowa law, a secured creditor who is
listed as owner merely has a security interest, not actual
ownership.  Applying this interpretation to the transaction,

5

Burke Construction has failed to establish that the mobile home was not property of the estate.

Burke Construction contends that the transfer cannot be avoided because Trustee failed to assume the contract within sixty days.  Trustee, however, only needs to assume contracts that are executory.  The mobile home is not considered real property in Iowa and thus the Eighth Circuit's decision in <u>Brown</u> is not applicable.  Burke Construction transferred possession of the mobile home to Debtor and no significant obligation remained except for payments by Debtor and the transfer of title by Burke Construction.  Thus, the contract was not executory.

Alternatively, even if the Purchase Agreement was determined to be an executory contract, Debtor's actions prevented Trustee from assuming the contract.  Debtor sold the mobile home within eleven days of filing her Chapter 7 bankruptcy petition.  Debtor then paid Burke Construction from the proceeds of the sale, satisfying her obligation to Burke Construction.  Trustee could not assume the contract thereafter because Debtor's sale and payoff extinguished the agreement.  Debtor's decision to sell the property prevented Trustee from effectively exercising her rights under § 365.  As the sale occurred within eleven days of the commencement of the bankruptcy, Trustee could not assume the contract, even if it was executory.

Trustee could legally avoid the transfer of the mobile home to the ultimate buyer, Linda Jones, as an unauthorized post-petition transfer pursuant to § 549.  However, Ms. Jones was not made a party to this adversary proceeding.  Trustee requests, instead, that Burke Construction turn over the proceeds it received from the sale of the mobile home.  Burke Construction had a perfected security interest in the mobile home because it was listed as owner on the title.  Debtor's interest in the mobile home was subject to Burke Construction's security interest.  Having elected this remedy against Burke Construction under § 549, Trustee's interest in the proceeds of the sale of the mobile home is likewise subject to Burke Construction's security interest.

Debtor paid Burke Construction money in excess of its security interest.  She paid Burke Construction $10,762.10 although the value of Burke Construction's security interest was $9,912.10.  The balance, $850.00, was identified as a commission for the sale.  Trustee can recover $850.00 from Burke Construction as proceeds of an avoidable transfer under § 549.

## CONCLUSION

Debtor's post-petition sale of her mobile home violated § 549.  Trustee was not obligated to assume the Purchase Agreement under § 549 because it was not an executory contract and because it was extinguished before Trustee had an opportunity to assume or reject.  Trustee may recover the proceeds of the sale subject to Burke Construction's security interest.  Burke Construction is required to turn over $850.00.

**WHEREFORE**, Trustee's Complaint to Avoid Post-Petition Transfer, For Turn Over and For Other Relief is GRANTED IN PART and DENIED IN PART.

**FURTHER**, the Court orders Defendant Burke Construction Co. to turn over $850 to Plaintiff/Trustee Sheryl L. Schnittjer.

**FURTHER**, judgment shall enter accordingly.

Dated and Entered:  April 29, 2009

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE